UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JEROME MCLAUGHLIN,<br><br>Petitioner,<br><br>v.<br><br>ROSEMARY NDOH,<br><br>Respondent. | No. 2:19-cv-00141-DAD-AC (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING FEDERAL HABEAS PETITION<br><br>(Doc. No. 15) |

Petitioner Jeremy Jerome McLaughlin is a state prisoner proceeding *pro se* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 2, 2024, the assigned magistrate judge issued findings and recommendations recommending that the pending petition for federal habeas relief (Doc. No. 1) be denied on the merits. (Doc. No. 15.) Those findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within twenty-one (21) days from the date of service. (*Id*. at 21–22.) To date, no objections have been filed and the time in which to do so has now passed. Petitioner has not otherwise communicated with the court in this action.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

1

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, as an appeal is only allowed under certain circumstances. 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). In addition, Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). If, as here, a court denies a petition for a writ of habeas corpus, the court may only issue a certificate of appealability when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). Petitioner has not made such a showing. Therefore, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on May 2, 2024 (Doc. No. 15) are adopted in full;
2. This petition for writ of habeas corpus (Doc. No. 1) is denied;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **August 19, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE